IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| BEVERLY J. FALKNER, )<br>)<br>Plaintiff, )<br>)<br>VS. )<br>)<br>SOUTHERN TRANSPORTATION, INC., )<br>ET AL., )<br>)<br>Defendants. ) | No. 13-2454-JDT-cgc |

ORDER ADOPTING REPORT AND RECOMMENDATION AS MODIFIED
ORDER OF DISMISSAL
ORDER CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH
AND
ORDER DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Plaintiff Beverly J. Falkner, a resident of Memphis, Tennessee, filed a *pro se* civil complaint on June 25, 2013, and a motion for leave to proceed *in forma pauperis*. (Docket Entries 1 & 2.) United States Magistrate Judge Charmiane G. Claxton subsequently granted leave to proceed *in forma pauperis*. (D.E. 11.)[1] On October 23, 2013, Magistrate Judge Claxton issued a Report and Recommendation ("R&R") in which she recommended that the case be dismissed *sua sponte*. (D.E. 15.) Objections to that R&R were due within 14 days. See Fed. R. Civ. P. 72(b)(2). However, Plaintiff has filed no objections.

Plaintiff apparently was an independent taxi driver, and the complaint in this case concerns various incidents related to an Independent Contractor Agreement pursuant to which she would

---

[1] In accordance with Administrative Order 2013-05, the assigned U.S. Magistrate Judge is responsible for case management and handling of all pretrial matters by determination or by report and recommendation, as appropriate.

obtain fares from the Defendants' terminal. The Magistrate Judge has recommended that the complaint be dismissed without prejudice prior to service of process for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1) and (h)(3). Having reviewed the complaint and the law, the Court agrees with Magistrate Judge Claxton's recommendation for dismissal. Plaintiff has not demonstrated that there is either federal question jurisdiction or diversity jurisdiction in this case.

Although the Magistrate Judge has recommended the case be dismissed without prejudice, this is the second time Plaintiff has filed these claims. On September 9, 2011, Plaintiff filed the same complaint, which was docketed as case number 11-2778. The claims were dismissed without prejudice for lack of subject-matter jurisdiction. Falkner v. Southern Transp., Inc., et al., No. 11-2778-JDT-cgc (W.D. Tenn. Jan. 24, 2012) (order of dismissal, D.E. 30 at 10). The Court declines to again dismiss the claims without prejudice. Therefore, the Court ADOPTS the R&R, as so modified, and hereby DISMISSES this case for lack of subject-matter jurisdiction.

The Court must also consider whether Plaintiff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See* Callihan v. Schneider, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a)(3) provides that if a party was permitted to proceed *in forma pauperis* in the district court, she may also proceed on appeal *in forma pauperis* without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." If the district court denies pauper status, the party may file a motion to proceed *in forma pauperis* in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445 (1962). The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a court to determine that a complaint should be dismissed prior to service on the defendants, but has sufficient merit to support an appeal *in forma pauperis*. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith.

It is CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Plaintiff is not taken in good faith. Leave to proceed on appeal *in forma pauperis* is, therefore, DENIED. Accordingly, if Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[2]

The Clerk is directed to prepare a judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[2] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court. A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit. Unless she is specifically instructed to do so, Plaintiff should not send to this Court copies of documents and motions intended for filing in the Sixth Circuit.